**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **PAUL HJARDEMAAL,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: PWG-14-735** |
| **KONE INC.,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Paul Hjardemaal, *pro se*, filed this wrongful discharge action in the Circuit Court

for Montgomery County after Defendant KONE Inc. terminated his employment.  Compl., ECF

No. 2.  Defendant removed the case to this Court, ECF No. 1, and then moved to dismiss the

Complaint for failure to state a claim, ECF No. 10.[1]  Because Plaintiff has failed to state a claim

in his initial pleading but is proceeding *pro se* and may be able to amend his Complaint to state a

meritorious claim, Defendant's Motion IS GRANTED IN PART AND DENIED IN PART.

**I.      BACKGROUND**

As best I can discern from the pleadings,[2] Plaintiff worked as a "Safety Manager" for

KONE, where his "job was to enforce safety rule[s,] procedures or regulations."  Compl. 2.

During his employment, he reported to his supervisor "orally and in writing" when he observed

---

[1] The parties fully briefed the motion. ECF Nos. 10-1, 12, 13.  A hearing is not necessary.  *See* Loc. R. 105.6.

[2] For purposes of considering Defendant's Motion to Dismiss, this Court accepts as true the facts that Plaintiff alleged in the Complaint.  *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

incidents or circumstances that he deemed unsafe. *Id.* at 2–3. Specifically, he reported that workers were not wearing their safety vests or safety harnesses, that "KONE failed to install a protective barrier between the escalator and the stairways to protect the public from serious injuries," and that employees working on a train platform "laid panels too close to the edge of the train platform." *Id.* Additionally, in one report, he advised his supervisor to "beware of wind shear on the train platform created by a fast moving train." *Id.* at 2. Soon after that report, "a fast moving train going back to the yard created a wind shear that in turn got some panels on the edge of the train platform airborne," and "those panels were sucked up by the train & damaged the train and luckily barely missed the workers on the train platform." *Id.* at 3. According to Plaintiff, his supervisor "accused [him] of harassing the workers and using terms [Plaintiff] did not understand," and he overheard another employee say that the supervisor was "trying to fire him." *Id.* at 2–3.

In late December 2013 or early January 2014, Plaintiff was rear-ended while driving a company vehicle and, although he reported the accident, his supervisor said that he "followed the wrong procedure." Compl. 3–4. KONE terminated Plaintiff in January 2014, shortly after the accident. *Id.* at 4. According to Plaintiff, "the evidence will . . . show that the motivation of the discharge by KONE contravened some clear mandate of public policy." Compl. 2. He asserts that "[t]his suit is based on the third category of 'wrongful termination' as confirmed in Adler v. American Standard." *Id.* at 4.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency

of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79.  *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).

Plaintiff is proceeding *pro se*, and his Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. District courts are not required to be mind readers, or to conjure questions not squarely presented to them.

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at * 1 (4th Cir. 1992) (per curiam) (internal citations omitted).

"'The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court.'"  *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (quoting *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)).  Generally, the plaintiff should be afforded the opportunity to amend, *see id.*, or dismissal should be without prejudice.  *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. A'ppx 899, 900,

2013 WL 1943798, at *1 (4th Cir. 2013) ("Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice."); *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013) (same).  However, "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim."  *Weigel*, 950 F. Supp. 2d at 825–26. The Fourth Circuit has explained:

> While a potentially meritorious claim, particularly by a pro se litigant, should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless. Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation.

*McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009) (internal citation omitted).

## III.   DISCUSSION

### A.  *Wrongful Discharge*

In Maryland, the general rule "'is that an employment contract of indefinite duration, that is, at will, can be legally terminated at the pleasure of either party at any time.'"  *Goode v. American Veterans, Inc.*, 874 F. Supp. 2d 430, 441 (D. Md. 2012) (quoting *Adler v. Am. Standard Corp.*, 432 A.2d 464, 467 (Md. 1981). The "narrow exception to the common law terminable at-will doctrine" is that "a cause of action is allowed for abusive discharge of an at-will employee if the motivation for the discharge 'contravened some clear mandate of public policy.'"  *Id.* at 442 (quoting *Adler*, 432 A.2d at 471).  To state a claim for wrongful discharge, Plaintiff must allege that: (1) he was discharged, (2) "the basis for [his] discharge . . . violate[d] some clear mandate of public policy," and (3) "there [was] a nexus between [his] conduct and the employer's decision to fire [him]."  *Wholey v. Sears Roebuck*, 803 A.2d 482, 489 (Md. 2002).  The public policy must "be reasonably discernible from prescribed constitutional or

statutory mandates." *Id.* at 490–91; *see Parks v. Alpharma, Inc.*, 25 A.3d 200, 212 (Md. 2011) (same). This means that "there [must be] a preexisting, unambiguous, and particularized pronouncement, by constitution, enactment, or prior judicial decision, directing, prohibiting, or protecting the conduct . . . in question, so as to make the Maryland public policy on the topic not a matter of judicial conjecture or even interpretation." *Sears, Roebuck & Co. v. Wholey*, 779 A.2d 408 (2001), *aff'd*, 803 A.2d 482 (Md. 2002). Significantly, the burden is on the plaintiff to "'identify the source of the public policy with particularity.'" *Taylor v. Rite Aid Corp.*, 993 F. Supp. 2d 551, 562 (D. Md. 2014) (quoting *King v. Marriott Int'l, Inc.*, 866 A.2d 895, 903 (2005)).

Here, it is undisputed that Plaintiff was discharged. Compl. 2; Def.'s Mem. 5 n.3. Plaintiff claims that his termination violated "*some* clear mandate of public policy," but he does not identify the public policy. Compl. 2 (emphasis added). This "[t]hreadbare recital[]" of the second element of wrongful discharge does not identify the law giving rise to the policy at all, let alone with particularity, and therefore is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678–79; *Velencia*, 2012 WL 6562764, at *4; *Taylor*, 993 F. Supp. 2d at 562; *King*, 866 A.2d at 903.

In his Opposition, Plaintiff makes additional conclusory statements that could be construed as assertions of public policies.[3] He argues that "[i]t is unlawful in Maryland to intentionally and maliciously create bad working conditions to force an employee to resign," contending that his supervisor "called [him] to his office numerous times and threaten[ed] to fire

---

[3] Although "[i]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss," *Saunders v. Putnam Am. Gov't Income Fund*, No. JFM-04-560, 2006 WL 1888906, at *2 n.2 (D. Md. July 7, 2006), I consider the allegations in Plaintiff's Opposition insofar as the briefing could be construed liberally to encompass a motion to amend, *see* Fed. R. Civ. P. 1, and the allegations provide insight into the viability of Plaintiff's claim if he were granted leave to amend. *See McLean*, 566 F.3d at 400–01 (dismissal with prejudice proper if claim cannot be made viable through amendment).

[him] because in his opinion enforcing [safety laws and regulations] is harassment." Pl.'s Opp'n 1-2. KONE argues that, insofar as this is an attempt to state a claim for constructive discharge, it fails. Def.'s Reply 5. Constructive discharge only can occur when an employee resigns. *See Lyons v. Peake*, 2009 WL 2461711, at *5 (D. Md. Aug. 10, 2009) ("Because Lyons was terminated by the Department and did not resign, his constructive discharge claim must be dismissed."). As in *Lyons, b*ecause Plaintiff did not resign, but rather KONE terminated his employment, he cannot state a claim for constructive discharge. *See id.*

Additionally, Plaintiff contends that "i[t] is unlawful in Maryland to fire an employee for reporting safety violations or otherwise acting in good faith to protect [his] safety and the safety of others." *Id.* Indeed, the Maryland Occupational Safety and Health Act ("MOSHA"), Md. Code Ann., Lab. & Empl. §§ 5-101 – 5-1103, was enacted "to ensure, to the extent practicable, that each working man and woman in the State has working conditions that are safe and healthful and to preserve human resources by," *inter alia*, "providing that employers and employees have separate but dependent responsibilities and rights with respect to making working conditions safe and healthful"; "encouraging employers and employees to . . . reduce the number of occupational health and safety hazards at their places of employment"; and "providing for reporting procedures on occupational safety and health that are appropriate to help to achieve the purposes of this title." Lab. & Empl. § 5-102(b)(1), (5)(i), (12). Further, MOSHA provides for a statutory whistleblower claim by prohibiting employers from discharging an employee for filing a complaint, bringing an action or proceeding, or exercising a right under or related to MOSHA, or testifying in such an action or proceeding. Lab. & Empl. § 5-604(b). Yet, "'[a]busive discharge is inherently limited to remedying only those discharges in violation of a clear mandate of public policy *which otherwise would not be vindicated by a civil remedy*,'" such as a statutory claim.

*See Blakes v. City of Hyattsville*, 909 F. Supp. 2d 431, 444 (D. Md. 2012) (quoting *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 180 (Md. 1989)) (emphasis added).  Moreover, construed as a statutory claim rather than a claim for wrongful discharge, Plaintiff's claim would fail nonetheless because he only reported the activity to his supervisor, and MOSHA requires that "the employee/whistle-blower reports the suspect activity externally," *see Wholey*, 803 A.2d at 496,[4] and by following specific procedures outlined in the statute, *see* Lab. & Empl. § 5-604(c)(1)(i), (2) (requiring employee to submit signed, written complaint to the Commissioner of Labor and Industry within thirty days after the suspect activity occurs).

Contending that he was told that he "got fired for following the wrong procedure when the company vehicle got rear ended," but "[a]ctually [he] got fired for doing [his] job" by reporting safety issues to his supervisor, Plaintiff also argues that "[i]t is unlawful in Maryland to pretend to fire an employee for one reason while the employee gets fired for another reason." Pl.'s Opp'n 2.  Yet, this statement of Maryland law pertains specifically when the reason given is pretext for a discriminatory termination.  *See State Comm'n on Human Relations v. Kaydon Ring & Seal, Inc.*, 818 A.2d 259, 277 (Md. Ct. Spec. App. 2003) (noting that under the *McDonnell Douglas* burden-shifting framework, to prevail on a claim for discriminatory termination, a plaintiff first shows termination for a discriminatory reason and, if the employer "produce[s] evidence of a non-discriminatory reason for the termination," the plaintiff then "show[s] that that reason was a pretext for [the employee's] termination, with [the employer's] actual reason for filing [the employee] being his race") (internal citations omitted).  Therefore, Plaintiff has not

---

[4] Likewise, because Plaintiff only directed his reports to his supervisor, and not to "the appropriate law enforcement authorities," he cannot rely on the "clear statutory public policy mandate [that] exists in Maryland that protects [private] employees from termination for reporting suspected criminal activities to the appropriate law enforcement authorities." *Porterfield v. Mascari II, Inc.*, 823 A.2d 590, 603 (Md. 2003); *see Wholey*, 803 A.2d at 496.

stated a claim for wrongful discharge based on the reason KONE allegedly provided for terminating Plaintiff and any discrepancy with KONE's purported actual reason for termination.

Plaintiff also asserts that "[i]t is unlawful in Maryland to [fire an employee for] refus[ing] to commit an illegal act on behalf of the employer." Pl.'s Opp'n 2. He claims that KONE asked him to "write a false report as if [he] had witnessed [an] incident," even though he "was off that day" when the incident occurred. *Id.* It is true that public policy provides for a cause of action when "'an employee has been fired for refusing to violate the law'" at his employer's direction. *Milton v. IIT Research Inst.*, 138 F.3d 519, 522 (4th Cir. 1998) (quoting *Thompson v. Memorial Hosp. at Easton*, 925 F. Supp. 400, 406 (D. Md. 1996)). Also, "[a] person may not knowingly make a false certification, false representation, or false statement in a[] . . . report . . . that is filed or required to be kept under [MOSHA]." Lab. & Empl. § 5-804(a). KONE insists that Plaintiff's job encompassed "investigating and preparing reports regarding safety incidents that Plaintiff did not personally observe," and KONE's request that Plaintiff report an incident did not violate any law. Def.'s Reply 7. But, Plaintiff's claim is not simply that KONE asked him to write a report but rather that KONE asked him for a "false report." Pl.'s Opp'n 2. This statement is too vague to state a claim for wrongful discharge based on this public policy, *see Taylor*, 993 F. Supp. 2d at 562; *Milton*, 138 F.3d at 522, and as noted, it is included improperly in Plaintiff's Opposition, not his Complaint, *see Saunders v. Putnam Am. Gov't Income Fund*, No. JFM-04-560, 2006 WL 1888906, at *2 n.2 (D. Md. July 7, 2006). Yet, considering this assertion and the relevant law, it is not clear at this juncture that Plaintiff's Complaint's "deficiencies are truly incurable" and "the complaint is truly unamendable." *See McLean*, 566 F.3d at 400–01. Therefore, Plaintiff will be afforded the opportunity to amend to state a claim for wrongful discharge, but only based on allegedly being terminated for refusing to write a false

report for his former employer, and only if he can meet the requisite pleading requirements to state such a claim.  *See id.*

### B.  Other Cause of Action

Plaintiff asserts that the Complaint "is two fold [sic]" and involves "the expenses associated with the site safety inspection at the Washington Metro Transit Authority (WMTA) escalator project plus vacation, sick leave, bonus, and loss of income from the discharge," as well as the wrongful discharge claim.  Pl.'s Opp'n 1.  It is true that he alleges in his Complaint that "the expenses associated with the site[] safety inspection at the Washington Metro Transit Authority (WMTA) escalator project" are "[a]t issue."  Compl. 1.  But, Plaintiff has not identified either a statutory or a common law theory of relief that this Court recognizes.  *See* Paul Mark Sandler & James K. Archibald, *Pleading Causes of Action in Maryland* 2 (MICPEL 4th ed. 2008) ("[A] cause of action is a set of facts which would justify judgment for the plaintiff under some recognized legal theory of relief.").  Therefore, Plaintiff has failed to state a claim based on these facts.  *See* Fed. R. Civ. P. 8(a)(2).

## IV.  CONCLUSION

Accordingly, it is this 15th day of December, 2014, hereby ORDERED that:

1. Defendant's Motion to Dismiss, ECF No. 10, IS GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE;

2. On or before January 5, 2014, Plaintiff may file an amended complaint for wrongful discharge based on allegedly being terminated for refusing to write a false report for his former employer, if he can meet the requisite pleading requirements to state such a claim;

3. In all other regards, Plaintiff's Complaint IS DISMISSED;

4. If Plaintiff does not file a timely amended complaint, this case will be dismissed in its entirety with prejudice and without further notice; and

5. The Clerk IS DIRECTED to send a copy of this Memorandum Opinion and Order to Plaintiff.

_____/S/_____

Paul W. Grimm
United States District Judge

lyb